*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 26-BG-0127

IN RE WILLIAM H. BRAMMER, JR., RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 478206)

On Report and Recommendation of the Board on
Professional Responsibility Ad Hoc Hearing Committee
Approving Third Amended Petition for Negotiated Discipline
(BDN: 23-ND-004; DDN: 2022-D024)

(Decided April 23, 2026)

Before BECKWITH, MCLEESE, and HOWARD, *Associate Judges*.

PER CURIAM: This decision is nonprecedential. Please refer to D.C. Bar R. XI, § 12.1(d), governing the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of the parties' third amended petition for negotiated attorney discipline. Respondent William H. Brammer, Jr., acknowledges that, in connection with representation of clients in a trust matter, he failed to keep his clients apprised of the status of the matter, specifically regarding fees; failed to explain the matter to the extent reasonably necessary to permit his clients to make informed decisions regarding the

representation; worked with an attorney who was not in the same firm as him without advising his clients in writing of the contemplated division of responsibility, advising them of the effect of the association of a lawyer outside the firm on the fee to be charged, obtaining his clients informed consent, and ensuring that the total fee was reasonable; and engaged in reckless dishonesty in various aspects of communication with his clients about who worked for his firm and his firm's expertise in the type matter for which his clients retained him. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.4(a), 1.4(b), 1.5(e), and 8.4(c). The proposed discipline consists of a ninety-day suspension, stayed as to all but sixty days, followed by two years of unsupervised probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in these cases,[1] *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and "the agreed-upon sanction is justified," *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (internal quotation marks omitted), in light of reasonably analogous precedents. *See, e.g., In re Bailey*, 283 A.3d 1199 (D.C. 2022); *In re Avery*, 189 A.3d 715 (D.C. 2018); *see also In re Teitelbaum*, 303 A.3d 52, 56 (D.C. 2023) (providing that a negotiated discipline petition "may generally omit to charge a violation if, after reasonable factual

---

[1] We grant the consent motion to file the lodged confidential appendix to the recommendation under seal.

investigation, there is a substantial risk that [the Office of Disciplinary Counsel] would not be able to establish the violation by clear and convincing evidence"). Accordingly, it is

ORDERED that respondent William H. Brammer, Jr., is hereby suspended from the practice of law in the District of Columbia for ninety days, stayed as to all but sixty days, followed by two years of unsupervised probation with the conditions that he:

(a) not be the subject of a disciplinary complaint that results in a finding he violated the disciplinary rules of any jurisdiction where he is licensed during the probationary period;

(b) notify the Office of Disciplinary Counsel (ODC) promptly of any disciplinary complaint filed against him and its disposition;

(c) consult with the D.C. Bar's Practice Management Advisory Service (PMAS) to conduct a review of his prior discipline and his law practice to avoid continuing to commit the same ethics breaches, with particular emphasis on clear and effective communication, to include:

A.     improving the manner in which respondent describes his firm's capabilities—both in communicating with his clients and prospective clients—and on the firm's website, and

B.      improving respondent's billing practices, including the necessity of regular billing and other steps to avoid unnecessary surprises regarding the size of his bill;

(d) waive confidentiality regarding the PMAS consultation process and provide proof within ten days of its completion;

(e) provide ODC monthly documentation of his progress in repaying his former client, Patricia Easley Whearty;

(f) notify all current and new clients of his probationary status and certify his compliance by affidavit within thirty days of completing his probation; and

(g) within thirty days of the date of this opinion, notify ODC in writing of all jurisdictions in which he is or has been licensed to practice and all tribunals where he has appeared as legal counsel.

Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

*So ordered.*